IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEIGHAN LAW LLC, d/b/a UPRIGHT LAW,** *et al.***,**<br><br>    **Movants,**<br><br>v.<br><br>**NANCY J. GARGULA, UNITED STATES TRUSTEE,**<br><br>    **Respondent.** | No. 20-CV-01176-SPM (lead case) |

# <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

Pending before the Court are Motions to Withdraw Reference from the United States Bankruptcy Court for the Southern District of Illinois filed by Movants Deighan Law LLC ("Deighan") *et al.* pursuant to 28 U.S.C. § 157(d). Defendant United States Trustee Nancy J. Gargula filed responses in opposition to the requests to withdraw reference, and Deighan filed replies. The lead case is consolidated with thirty-five other cases presenting identical Motions and issues.

## BACKGROUND

The origins of this current dispute begin with a dispute that arose out of potential misconduct and overcharging that allegedly occurred in a petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code. *See In re Chelsea Lynne Potter*, Bankr. SDIL Case No. 19-60216-LKG. In the course of that proceeding, Chief United States Bankruptcy Judge Laura K. Grandy held a hearing to consider and act upon the disclosure of compensation. At the hearing, Judge Grandy issued a fee

review order to Gargula relating to the fees Deighan charged Debtor Chelsea Lynne Potter. The issue then came before Chief United States District Judge Nancy J. Rosenstengel on Debtor Potter's first motion to withdraw reference filed by Attorney Eric James Homa from Deighan. *See Homa v. US Trustee,* SDIL Case No. 19-CV-01139-NJR. In that motion, Debtor Potter requested the Court to establish an updated presumptively reasonable attorney fee for Chapter 7 cases and give guidance relating to the propriety of Gargula's use of a Rule 2004 Examination as a tool to evaluate the reasonableness of a Chapter 7 attorney fee. Judge Rosenstengel denied Debtor Potter's motion to withdraw the reference and ordered the case to proceed in the bankruptcy court because she did not find cause to withdraw.

One would think Judge Rosenstengel's order spelled the end of Deighan challenging the bankruptcy court's ability to review fee arrangements and fees paid to attorneys. But Deighan and its attorneys are nothing if not persistent.

In thirty-six of its petitions for relief under Chapter 7 pending in this district's bankruptcy court, including Debtor Potter's petition, Deighan objected to FED. R. BANK. P. 2004(a) examination motions filed by the Gargula and filed motions to close the cases, stating that the estates were fully administered, closure was mandatory, and Judge Grandy's fee-related investigations violated the debtors' due process and equal protection rights. Judge Grandy granted Gargula's Rule 2004 motions permitting her to obtain documents and examine the debtors and Deighan Attorneys. Judge Grandy also denied the motions to close the cases. Shortly

thereafter, in late September 2020 and early October 2020, Deighan filed Motions to Withdraw Reference in this Court on those petitions.[1]

## LEGAL STANDARD

District courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that any or all cases under title 11 [of the United States Code] and any or all proceeding arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). This district's Local Bankruptcy Rule 1001.1 automatically refers all cases under Title 11 to the bankruptcy judge in this district.

A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown" for the removal and "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d).

Section 157(d) does not define "cause," but courts generally consider the following factors in determining whether cause exists: whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy

---

[1] Deighan also recently filed other Motions to Withdraw the Reference in companion cases involving adversarial complaints filed by Gargula, *US Trustee v. Homa*, SDIL Case No. 21-CV-00183-SPM (related to *In re Potter*); *US Trustee v. Buch et al*, SDIL Case No. 21-CV-00276-SPM (related to *In re Brucker*); and *US Trustee v. Buch et al*, SDIL Case No. 21-CV-00316-SPM (related to *In re McClatchery*).

administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether the parties have demanded a jury trial; and whether a core or non-core proceeding is involved. *See Adelsperger as Tr. For Consol. Bankr. Estate of 5 Star Commercial, LLC v. 3d Holographics Med. Imaging Inc.*, No. 3:16-CV-759-HAB, 2019 WL 2206091, at *2 (N.D. Ind. May 21, 2019).

As another district court put it, district courts have "broad discretion to determine whether to withdraw a reference based on cause, but at the same time, permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (citing *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992), and quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)).

## ANALYSIS

Deighan asks the Court to withdraw the reference in order to close this case and vacate any order inconsistent with case closure. Under 28 U.S.C. § 157(d), a district court may withdraw reference in two ways: permissive withdrawal or mandatory withdrawal. First, a district court "may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown." *Id.* Likewise, the district court "shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both [the Bankruptcy Code] and other laws of the United

States regulating organizations or activities affecting interstate commerce." *Id.* The moving party, in this case Deighan, bears the burden of showing that a withdrawal of reference is justified. *In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 955 (7th Cir. 1996).

Deighan argues that "withdrawal of the reference is mandatory under § 157(d) because resolution of the proceeding to be withdrawn requires substantial and material consideration of non-Bankruptcy Code federal law—namely, the Case or Controversy, Due Process, and Equal Protection Clauses of the U.S. Constitution." In the alternative, Deighan argues that this Court should withdraw the reference in these cases in its discretion.

Gargula responds that the Motions were not timely filed. Gargula also asserts that withdrawal is not mandatory under § 157(d) and that the issues raised by Deighan are core matters within the meaning of § 157(b)(2) that should be adjudicated by the bankruptcy court. Gargula again argues that Deighan is engaging in forum shopping to avoid the bankruptcy court's review of its fees.

"The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *In re Health Support Network, Inc.*, 2017 WL 2495213, at *3 (M.D. Fla. Apr. 6, 2017) (citations omitted). Section 157(d) does not specifically identify the parameters for timeliness. Local Bankruptcy Rule 5011 requires that, "[a]bsent leave of Court, a party filing a motion to withdraw the reference shall file the motion within 14 days of the filing of the first related pleading or response, or within 14 days of the pretrial order (if

any), whichever is later, or shall be deemed to have waived such request." In each of the petitions, debtors waited weeks, and in many cases months, to file the Motions, when all of the grounds for filing such motions were clear. The Motions *should* have been filed "either as soon as possible, or at the first reasonable opportunity after the moving party had notice of the grounds for withdrawal." *In re Chemetco, Inc.*, 308 B.R. 342 (Bankr. S.D. Ill. 2004). Therefore, the Court concludes that the Motions are untimely pursuant to 28 U.S.C. § 157(d) and Local Bankruptcy Rule 5011.

Even if the Motions were timely filed, the resolution of this proceeding does not require consideration of "other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). This dispute is a matter of bankruptcy law. While 11 U.S.C. § 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case," § 350(b) provides that the bankruptcy court may reopen the case "to administer assets, to accord relief to the debtor, or for other cause." Section 329(b) allows the bankruptcy court to review fee arrangements and fees paid to attorneys in bankruptcy cases. Under § 329(b), "[i]f such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." Deighan does not cite to any other federal statute, and there is no indication that "substantial and material consideration of non-Bankruptcy Code law is necessary for the resolution of [the] case." *Buck v. Caudill*,

2016 WL 3881133, at *2 (S.D. Ohio July 18, 2016) (quoting *Holland v. LTV Steel Co.*, 288 B.R. 770, 773 (N.D. Ohio 2002)).

Furthermore, as in *Homa*. Deighan has not established sufficient cause for permissive withdrawal. A core proceeding "invokes a substantive right provided by title 11 or if it is a proceeding that, by its very nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990). In *Homa*, Deighan conceded the issue of Rule 2004 examinations and fee review involve core proceedings. The Court's ability to close a case and exercise control over its docket are also core matters. Withdrawal would also not promote judicial economy, uniformity of bankruptcy administration, or the economic use of the parties' resources as Deighan contends. By this Court's count, this District contains twenty-five Illinois Department of Corrections facilities and two Federal Bureau of Prisons facilities, which generate a substantial amount of litigation on top of an already active civil and criminal docket. In all likelihood, withdrawing the reference would cause further delay, not promote judicial economy. Judge Grandy is also the most familiar with the underlying case and the issues raised in Deighan's Motions. What is more, the procedures Judge Grandy utilized in these cases were not outside the norms of Bankruptcy Code, so uniformity of bankruptcy administration is not an issue. Moreover, while Deighan considers Judge Grandy's refusal to close the cases and granting of 2004 examinations a drain on the resources of the firm and its clients, there is no guarantee that this Court would not do the same after further review should it withdraw the reference. The Court **DENIES** the Motions to

Withdraw Reference.

## CONCLUSION

For the reasons explained above, the Court **DENIES** Deighan's Motions to Withdraw Reference. The Motion to Stay (Doc. 9) and Motion for Status Rule 16 Conference (Doc. 13) in the lead case are **DENIED** as **MOOT**. Accordingly, the cases shall proceed in the bankruptcy court, and they are **DISMISSED without prejudice** in this Court. The Clerk of Court is **DIRECTED** to close the cases.

**IT IS SO ORDERED.**

DATED:   April 16, 2021

>  s/ *Stephen P. McGlynn*
>  **STEPHEN P. McGLYNN**
>  **U.S. District Judge**